**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELVIN MANUEL LOPEZ-JOVEL, | No.    17-70523 |
| Petitioner, | Agency No. A098-988-519 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018[**]

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Melvin Manuel Lopez-Jovel, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his motion to reopen removal

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying Lopez-Jovel's motion to reopen based on lack of notice, where Lopez-Jovel received personal service of his notice to appear ("NTA"), a subsequent notice of hearing was mailed to his most recent address of record, and he did not provide sufficient evidence to rebut the presumption of effective service of the notice of hearing. *See Sembiring v. Gonzales*, 499 F.3d 981, 986-88 (9th Cir. 2007) (describing evidence relevant to overcome presumption of effective service sent by regular mail); 8 U.S.C. § 1229(c) ("Service by mail [of a hearing notice] shall be sufficient if there is proof of attempted delivery to the last address provided by the alien . . ."); *Popa v. Holder*, 571 F.3d 890, 897 (9th Cir. 2009) ("Due process is satisfied if service is conducted in a manner reasonably calculated to ensure that notice reaches the alien." (citation and quotation marks omitted)).

Contrary to Lopez-Jovel's contentions, the NTA properly advised him of the consequences of failing to appear and the possibility of future hearings. There was no requirement that the NTA be in Spanish. *See Flores-Chavez v. Ashcroft*, 362

2                                                                                              17-70523

F.3d 1150, 1155 n.4 (9th Cir. 2004) ("Current law does not require that the [NTA]

. . . be in any language other than English."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th

Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due

process claim).

**PETITION FOR REVIEW DENIED.**